KLIMAR REALTY, INC., APPELLANT, v. STATE OF NEW JERSEY, DEPARTMENT OF ENVIRONMENTAL PROTECTION, DIVISION OF WATER RESOURCES, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 10, 1987—Decided May 21, 1987.

Before Judges PRESSLER, GAULKIN and ASHBEY.

*John F. Darcy* argued the cause for appellant (*Orbe, Nugent & Collins,* attorneys).

*Debbie J. Thompson,* Deputy Attorney General, argued the cause for respondent (*W. Cary Edwards,* Attorney General, attorney; *Michael R. Clancy,* Deputy Attorney General, of counsel).

PER CURIAM.

Klimar Realty, Inc. (Klimar) appeals from a September 30, 1985 final decision of the Department of Environmental Protection, Division of Water Resources (DEP) which denied Klimar's application for a stream encroachment permit pursuant to *N.J. S.A.* 13:1D–29 *et seq.*[1] Klimar contends that DEP failed to act within "90 days following the date that the application is complete" as required by *N.J.S.A.* 13:1D–31 and that its application thus should "be deemed to have been approved" as provided by *N.J.S.A.* 13:1D–32.

Klimar's permit application initially consisted of various documents and a filing fee submitted to DEP on May 15, 1985. By

---

[1]Klimar commenced the litigation by filing a complaint in lieu of prerogative writs in the Law Division. On cross-motions for summary judgment, the Law Division judge transferred the matter to this court. *R.* 1:13–4(a); *R.* 2:2–3(a)(2). Although Klimar argues that the Law Division had jurisdiction and should have granted summary judgment in its favor, it has not appealed from the transfer order. In any event, our disposition of the appeal moots those arguments.

letter of May 29, DEP advised Klimar that the application "has been found deficient in required information for filing" and would be held for 30 days awaiting receipt of specified additional information. Klimar made a supplemental submission which was stamped "received" by DEP on June 17. DEP contends that Klimar made a further submission on June 26, but Klimar denies that. In any event, on July 3, DEP deemed the Klimar application accepted and so advised Klimar. DEP's September 30 denial of the application thus came at least 96 days after the last Klimar submission but only 89 days after DEP deemed the application complete and accepted for filing and review.

Klimar argues that its application was "complete" within the meaning of *N.J.S.A.* 13:1D–31 no later than June 26. It relies on *N.J.S.A.* 13:1D–30, which provides that where DEP requests additional information from the applicant,

> the application will be construed to be complete when the additional information is received by [DEP].

DEP responds that the Klimar application was not "complete" until July 3 when it was "accepted for review" by DEP. DEP relies upon *N.J.A.C.* 7:13–2.8(a) and (b):

> (a) A maximum of 20 working days from the receipt of the application will be allowed for preliminary review of the application for completeness. During this period the Department will either accept the application for review, which will begin the 90–day review period, or reject the application for incompleteness and inform the applicant in writing of the information necessary to complete his application.

> (b) The 90–day review period begins on the day a project number is assigned and the application is accepted for review. At this time an acknowledgment letter is sent to the applicant.[2]

---

[2]DEP relied in its brief on *N.J.A.C.* 7:1C–1.7(a)2 and 7:1C–1.8, applicable to a variety of construction permit applications, which also provide that DEP shall act "within 90 days after the application has been accepted for filing" and that where additional information is requested DEP shall act "within 90 days after such additional information has been accepted." *N.J.A.C.* 7:1C–1.8(a). At oral argument, the Attorney General acknowledged that the applicable regulation here is *N.J.A.C.* 7:13–2.8, which deals specifically with stream encroachment permits.

We find DEP's resort to this regulation to be at odds with the mandate of *N.J.S.A.* 13:1D–31 that DEP act within 90 days after an application is "complete." Where, as here, DEP requests additional information in support of a filed application, *N.J.S.A.* 13:1D–30 defines "complete" to mean "when the additional information is received by the department." If the additional information submitted is not sufficient, the mere fact that it is "received" by DEP may not render the application "complete" within the meaning of the statute.[3] But the record here does not indicate that DEP regarded the additional information submitted by Klimar as insufficient for it to act on the application. Indeed, DEP's July 3 "acceptance" of the Klimar application was its acknowledgment that the application was complete when DEP received the additional information. Thus, the application was complete by June 26. There is no statutory authority to toll the 90–day period beyond that date. To allow DEP to toll the period until the complete application was "accepted for review" would subvert the unmistakeable and important legislative aim to thwart undue delay in agency action. *Cf. King v. N.J. Racing Comm.*, 103 *N.J.* 412, 419 (1986).

The September 30, 1985 final decision is reversed. The matter is remanded to DEP with directions to issue the stream encroachment permit to Klimar.

---

[3] *N.J.A.C.* 7:13–2.8(b) describes a number of actions DEP may take during the 90–day period. We need not determine here whether, when or in what circumstances the running of the 90–day period may be tolled or interrupted by a DEP finding that the additional information submitted is not sufficient for it to act.